IN THE UNITED STATES BANKRUPTCY COURT
FOR MIDDLE DISTRICT OF ALABAMA

IN THE MATTER OF:

William Henry Feggins,                       Chapter 13
                                                       Case No. 13-11319
       Debtor.

---

WILLIAM HENRY FEGGINS,

       Plaintiff,                                                  Adv. Proc. No. <u>14-01049</u>

vs.

LVNV FUNDING, LLC and
RESURGENT CAPITAL SERVICES, LP,

       Defendants.

---

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OR,
IN THE ALTERNATIVE, MOTION TO STAY (DOC. 5)**

---

Comes now the plaintiff, by and through counsel, and files herewith his opposition to defendants' Motion to Dismiss or, in the alternative, Motion to Stay, filed at Doc. 5, as follows:

### I. <u>INTRODUCTION</u>

1.      The plaintiff's action is a core proceeding as defined by 28 U.S.C. § 157 that is premised upon two very simple counts: (1) an objection to a claim on stale debt; and (2) an adversary proceeding against a debt collector based upon the authority set out by the 11th Circuit in *Crawford v. LVNV*.

2.      The factual issues in this matter are simple and straightforward.

3.      Each underlying claim is clearly premised upon a stale debt for which objection is proper.

4. Each defendant is clearly a debt collector within the definition of the FDCPA.

5. The defendants have clearly violated the mandate of *Crawford v. LVNV*.

6. The bona fide error defense is not available for mistakes of law.

7. A class action lawsuit against the defendants was filed in the United States District Court for the Southern District of Alabama, Southern Division on July 14, 2014, *Brock v. Resurgent Capital Services, LP and LVNV Funding, LLC*, 1:14-cv-00324-WS-M by other counsel.

8. The Brock lawsuit alleges defendants' violation of the FDCPA, but does not include an objection to any proof of claim filed in the bankruptcy proceedings of Brock and other similar plaintiffs.

9. The Brock lawsuit has not been certified as a class action and notices have not been issued.

10. Plaintiff filed this adversary proceeding on July 17, 2014 and the Clerk issued the summons on that same date.

11. The summons and complaint in this adversary proceeding were served on defendants on July 18, 2014 (Doc. 3), the same day as the service of the summons and complaint on defendants in the Brock lawsuit.

12. On August 20, 2014, defendants filed their motion to dismiss or, in the alternative, motion to stay (Doc. 5, 5-1).

13. Prior to defendants filing their motion, the undersigned offered the following stipulations by the plaintiff here to counsel for defendants:

   a. That if this matter is not resolved upon certification of *Brock v. Resurgent and LVNV* this plaintiff would immediately execute the opt-out form approved by the Court for class members to exclude themselves from the class.

b. That this plaintiff would immediately agree that they would not seek or accept any benefit from the *Brock* class if it were certified before a final resolution of this matter.

c. That if this matter proceeded to a final judgment in the Bankruptcy Court before the petition for rehearing *en banc* filed by LVNV was resolved by the Eleventh Circuit the plaintiff and his counsel would agree that the Bankruptcy Court could enter an order staying execution of any judgment adverse to the defendants until the Eleventh Circuit resolves the application for rehearing in *Crawford* without the necessity of the defendants posting a bond.

14. Plaintiff's offered stipulations appear to cover the gamut of the defendants' concerns here. Further, the claims objection will continue no matter the outcome of the rehearing petition in *Crawford* or the class certification of *Brock*. Further, the defendants' motion is premised upon speculation of future events that can be best described as uncertain.

15. The Eleventh Circuit has not requested that Crawford's counsel respond to the petition for rehearing *en banc* or the petition for rehearing. The Eleventh Circuit notes in its local rules that it is not necessary to seek *en banc* rehearing before seeking certiorari review in the Supreme Court. The Circuit also notes that *en banc* review is extraordinary.

16. As to concerns about prejudicing the proceedings in *Brock* the plaintiff points out the obvious difficulty in getting any class action certified over a defendants' opposition and the defendant's right to seek appellate review of a class certification order. It is far from certain that *Brock* will ever be certified as a class.

17. On the other hand, the individual claims of this plaintiff are simple, straightforward, not disputed and subject to ready adjudication. Plaintiff's counsel expects this

case to be resolved on a motion for summary judgment. The plaintiff expects that this matter could be submitted on briefs within 30-45 days for a final order of summary judgment on the merits of the case.

## STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*; accord *Ashcroft v. Iqbal, 556 U.S. --, 129 S. Ct. 1937, 173 L. Ed. 2d 868, 884 (2009)*. This "plausibility" standard replaces the traditional standard, under which the movant was required to show "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." *Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)*. During this threshold review, it is immaterial whether plaintiff will ultimately prevail. *Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)*. In *Twombly*, the Supreme Court distinguished "plausible" claims from allegations that were merely "conceivable," and stated that the Court "[did] not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id. at 570, 127 S. Ct. at 1974*. The Supreme Court explained that a complaint "does not need detailed factual allegations," but the allegations "must be enough to raise a right to relief above the speculative level." *Id. at 555; 127 S. Ct. at 1964-65*. Furthermore, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id. at 556, 127 S. Ct. at 1965 (quotation marks omitted). Speaker v. United States HHS CDC & Prevention, 623 F.3d 1371, 1380 (11th Cir. Ga. 2010).*

Further, the 11th Circuit jurisprudence teaches that a complaint should not be dismissed with prejudice "Where a more carefully drafted pleading might state a claim for relief, the district court

should provide the plaintiff at least one opportunity to amend before dismissing with prejudice." See *Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991)*, overturned in part by *Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc)*. See *United States v. Connolly, 446 Fed. Appx. 254, 256 (11th Cir. Fla. 2011)*.

## ARGUMENT

I. **PLAINTIFF'S RESPONSE TO:**

   *DEFENDANTS ARE ENTITLED TO DISMISSAL OF PLAINTIFF'S LAWSUIT DUE TO THE PENDENCY OF THE FIRST-FILED CLASS ACTION LAWSUIT.*

Here the defendants claim that the first-filed rule requires this Court to dismiss the plaintiff's claim. "Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. Ga. 2005). However, "[t]he rule is not meant to be rigid, mechanical or inflexible, but is to be applied in a manner that best serves the interests of justice. *See EEOC v. Univ. of Pa.*, 850 F.2d 969, 972 (3d Cir. 1988) (noting that the rule is sufficiently flexible to allow for rare or extraordinary circumstances, inequitable conduct, bad faith and forum shopping). Although the forum where an action is first filed typically is given priority over subsequent actions, it is appropriate to depart from this general maxim when there is a showing of balance of convenience in favor of the second forum or there are special circumstances which justify giving priority to the second action. *Allstate*, 9 F. Supp. 2d at 1316. *Barnett v. Alabama*, 171 F. Supp. 2d 1292, 1296 (S.D. Ala. 2001).

The initial issue with the movants' motion is that a request to enforce the first-filed rule is only proper in the first-filed court. "Case authorities are legion for the proposition that the first-filed court, and not the second-filed court, should make the determination of whether to apply the

first-filed rule." *White v. Microsoft Corp.*, 2006 U.S. Dist. LEXIS 77010, 12 (S.D. Ala. Apr. 3, 2006). The second problem for the movants is that dismissal is not their remedy even if this case were truly a "second-filed" action, which it is not. "The well-marked and well-beaten path in these circumstances is to stay, not dismiss, this second-filed action while [the movant] (if it chooses to do so) litigates the applicability of the first-filed doctrine in the [first-filed forum]. See *White* at 15.

The fatal problem with the movant's motion is that the first-filed rule does not even apply here. "The first-filed rule provides that when **parties** have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case. *Merrill Lynch, Pierce, Fenner & Smith, Inc., v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982) (emphasis supplied). Binding pre-split authority from the Fifth Circuit holds "[i]n exercising its discretion to grant or deny a stay in an equity suit pending a determination of a parallel state suit -- one involving the same parties and the same issues as the federal suit -- the district court should consider several factors." *PPG Industries, Inc. v. Continental Oil Co.*, 478 F.2d 674, 682 (5th Cir. La. 1973). Another case interpreting *PPG* held "[t]he appellees cite no case, and our research discloses none, that authorizes a district court to dismiss a diversity action solely on the ground that the claim could be litigated in the context of a pending state court action. This is not even a situation where actions involving the same parties and issues are simultaneously pending in state and federal courts; in which event, the district court would have discretion to stay, but not to dismiss, the proceedings before it to await the outcome of potentially dispositive state litigation." *PPG Industries, Inc. v. Continental Oil Co.*, 478 F.2d 674 (5th Cir. 1973). *Mendiola v. Hart*, 561 F.2d 1207, 1208 (5th Cir. Tex. 1977).

The action here is not 'parallel litigation' between Brock in this Bankruptcy Case and the

defendants. Further, Brock is a class action premised solely on a violation of the FDCPA. Here, this is a core proceeding involving an adversary asserting a claim objection against stale debt (an affirmative defense to the claim) and a count for violating the FDCPA under the rationale in *Crawford* (a counterclaim against the claim). Without the same parties and the same issues the first-filed rule has no application. "A first-filed analysis looks to the character of the suits and the parties to the suits, not simply to the similarity of issues without regard to the identity of the parties asserting them and their asserted rights as presented in the initial lawsuit." *Collegiate Licensing Co. v. Am. Cas. Co. of Reading,* 713 F.3d 71, 79 (11th Cir. Ga. 2013). One court in the Fifth Circuit looking at this question cited to *PPG* and *Mendiola* in finding "…these actions are not parallel ones. We define such actions as those "involving the same parties and the same issues." *PPG Industries, Inc. v. Continental Oil Co.*, 478 F.2d 674, 682 (5th Cir.1973). *See also Mendiola v. Hart*, 561 F.2d 1207, 1208 (5th Cir.1977) ("the same parties and issues"). And although it may be that there need not be applied in every instance a mincing insistence on precise identity of these, in this case the question is not even a close one." *RepublicBank Dallas, Nat'l Asso. v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. Tex. 1987). Because the movants cannot show an identity of parties, the first-filed rule cannot apply. Further, the putative class representative in *Brock* could potentially affect the debtor's rights if the class is eventually certified. However, the debtor's litigation cannot possibly affect the rights of the class. Therefore, the movants cannot show that the same issues are present in these cases. Therefore, the first-filed rule is not applicable and the motion is due to be denied.

The movants also argue that the debtor is a member of a putative class and that the debtor cannot opt out before a class is certified. While the debtor may not be able to opt out of a class that is not yet certified the debtor can certainly enter into a binding stipulation that they will not

participate in the class in the event that a class is eventually certified which the Court can enter in an Order which has preclusive effect upon the debtor's participation in any hypothetical future class.

## II. PLAINTIFF'S RESPONSE TO:

*IN THE ALTERNATIVE, THIS COURT SHOULD STAY PLAINTIFF'S ADVERSARY PROCEEDING.*

A.  Plaintiff's Response to:

*This Adversary Proceeding Should Be Stayed Pending Class Certification In The Class Action Lawsuit And Plaintiff's Effective "Opt Out" Decision.*

This argument is unavailing because the debtor has already offered to the defendant and now to the Court the stipulation that the debtor will not participate in any potential class action settlement in the event that the *Brock* case is ever certified as a class action. This effort on the part of the movants is a procedural ploy to stay a number of cases proceeding against them individually where there is no legal or factual defense. This is nothing but a ploy to avoid the ramifications of the Eleventh Circuit's holding in *Crawford.* If the movants' basis for this position is the fear the debtor might seek a double recovery or "the better recovery" by pursuing its case here and hoping to get more in the possible class action later then the debtor's stipulation that this is the debtor's "one action" and sole recovery should resolve that fear. Further, staying one part of the adversary proceeding related to the *Crawford* claim will not resolve the claim objection. Should the Bankruptcy Court be required to split the adversary proceeding to suit the whims of the movants or would it not be more efficient to enter an order binding the debtor to "one action" in the adversary proceeding?

B. **Plaintiff's Response to:**

***This Adversary Proceeding Should Be Stayed Pending The Resolution Of The Petition For Rehearing En Banc In Crawford v. LVNV.***

The plaintiff points out that the first claim for relief is a simple claims objection. The second claim for relief is a "Crawford Claim" under the FDCPA for seeking payment on stale debt. No count of the AP is factually or legally complex. Neither count will take a great deal of time or effort to bring to conclusion. Allowing the AP to proceed per the Court's normal policies will allow the claims objection to be litigated to conclusion regardless of the outcome in the *Crawford* rehearing petition. The defendant's position also ignores the fact that *Crawford* is the law of the land unless there is a rehearing *en banc* granted. Given the extraordinary nature of *en banc* review the road seems long and bumpy for LVNV on its request for rehearing. This is further bolstered by the fact that Crawford's counsel has not even been requested to reply to the petition despite its pendency for approximately 30 days as of this writing.

Further, as this Court can readily take judicial notice of, the petition for rehearing *en banc* filed by LVNV seeks to revive an argument foreclosed by LVNV's own concessions on appeal. The petition for rehearing *en banc* argues strenuously that *Crawford* irreconcilably conflicts with the Second Circuit's holding in *Simmons*. *Simmons* being the preeminent case holding that the Bankruptcy Code 'preempts' the FDCPA citing favorably *Walls v. Wells Fargo* from the Ninth. These cases are now clearly the minority and subject to being reconsidered within their own Circuits. Moreover, in the Crawford appeal LVNV conceded that there was no preemption of the FDCPA by the Bankruptcy Code. LVNV's appellate counsel and counsel here conceded this point in brief and in oral argument and therefore foreclosed the revival of this issue in its petition for reconsideration.

2014 08 30 Opp to Motion to Dismiss                                                                         Page 9 of 11

Case 14-01049    Doc 11    Filed 08/30/14    Entered 08/30/14 19:45:14    Desc Main
Document    Page 9 of 11

This concession was significant for debtor's counsel (and Crawford's counsel) as debtor's counsel while representing Crawford on appeal attempted to pick the very fight over the holding in *Simmons* and its conflict with *Randolph* and the notion that one federal statue preempted another on appeal that LVNV conceded. LVNV did not want this fight on appeal and it is unlikely that the Eleventh Circuit would grant extraordinary relief to a party to allow them to argue a point they conceded on appeal in the first instance.

Further, the Court's ruling on this matter will have an impact on other AP's filed related to this issue. Currently, some defendants are settling these cases for the very reasonable amounts demanded by the Plaintiff's counsel while others choose to push into litigation and not resolve the cases. It is the plaintiff's position that defendants who want to proceed with litigation should not then be granted a stay of the case simply in the hope that there might be a rehearing in *Crawford*. This would allow the movants to continue their same bad business practices unabated while hoping for a grant of rehearing in *Crawford*. The debtor argues it would be a better practice to allow the cases to proceed with *Crawford* as the law of the land to a final judgment and if the final judgment is entered before the *Crawford* rehearing request is determined then the debtor will agree to a no-bond stay of execution pending that determination. This decision will cause the defendants recalculate whether the consequences of the conduct requires them to move towards compliance with the law.

## **CONCLUSION**

Plaintiff's counsel understands that this is a discretionary matter for the Court. Plaintiff's counsel wanted the Court to have his perspective on this issue prior to making a ruling on this motion. The plaintiff and plaintiff's counsel will comply with the Court's reasoned ruling on this question whatever that ruling may be.

2014 08 30 Opp to Motion to Dismiss                                                                   Page 10 of 11

Case 14-01049    Doc 11    Filed 08/30/14    Entered 08/30/14 19:45:14    Desc Main
Document      Page 10 of 11

Filed this the 30th day of August 2014.

>Respectfully submitted,
>
>/s/Nick Wooten
>Nick Wooten
>Nick Wooten - Bar No. WOO084
>Nick Wooten, LLC
>*Of Counsel to Brock & Stout, LLC*
>P.O. Box 3389
>Auburn, AL 36831
>Tel. (334) 887-3000
>Fax (334) 821-7720
>Email: nick@nickwooten.com

CERTIFICATE OF SERVICE

    The undersigned certifies that a true and correct copy of the foregoing document was served on the following and all parties in interest by email on this 30th day of August, 2014.

Neal D. Moore, III
Stephen A. Kahn
Ferguson, Frost, Moore & Young, LLP
Post Office Box 430189
Birmingham, AL 35243-0189

>/s/ Nick Wooten
>Of Counsel