UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                              Case No. 13-11319-WRS
                                                   Chapter 13
WILLIAM HENRY FEGGINS,

    Debtor

WILLIAM HENRY FEGGINS,

    Plaintiff                                  Adv. Pro. No. 14-1049-WRS

v.

LVNV FUNDING LLC,

    Defendant

## MEMORANDUM DECISION

This Adversary Proceeding came before the Court for hearing on December 9, 2014, on the Defendants' Motion to Reconsider. (Doc. 21). Plaintiff William Henry Feggins was present by counsel Nicholas H. Wooten and Defendants LVNV Funding, LLC, and Resurgent Capital Services, L.P., were present by counsel Neal D. Moore, III. For the reasons set forth below, the Defendants' motion is DENIED.

## I. FACTS

On July 24, 2013, Plaintiff William Henry Feggins filed a petition in bankruptcy pursuant to Chapter 13 of the Bankruptcy Code. (Case No. 13-11319, Doc. 1). On December 12, 2013, Defendant Resurgent Capital filed a Proof of Claim on behalf of Defendant LVNV Funding, LLC, its principal. (Claim No. 17-1). Feggins filed a two count complaint, initiating this

Adversary Proceeding on July 17, 2014. (Doc. 1). Feggins asks the Court to do two things in his complaint. In Count I, he requests that the Court disallow LVNV's claim, contending that it is barred by the statute of limitations. In Count II, Feggins seeks statutory damages for what he contends is a violation of the Fair Debt Collection Practices Act. This Adversary Proceeding is one of fourteen similar Adversary Proceedings brought by various Plaintiffs against Defendant LVNV which were filed at the same time in this Court. These fourteen cases have been consolidated for trial. (Doc. 18). LVNV has moved to stay all fourteen cases. (Doc. 5).[1] As the issue raised by LVNV in its motion for stay is identical in each case, it is not necessary to consider each of the fourteen Adversary Proceedings separately.

## II. DISCUSSION

A trial court has broad discretion to stay proceedings as an incident to its power to control its own docket. Hopkins v. Transocean, Ltd., 2010 WL 2104548 (S.D. Ala.)(Order dated 5/25/2010)(citing Clinton v. Jones, 520 U.S. 681, 706, 117 S.Ct. 1636 (1997)). This Court's order denying LNVN's motion to reconsider is an exercise of that discretion provided by law. LVNV first filed its motion as one under Rule 12(b)(6), however, on reconsideration it has abandoned its Rule 12(b)(6) motion to dismiss. LNVN argues that these consolidated Adversary Proceedings should be stayed for two reasons: (1) that it intends to file a petition for certiorari with a view to obtain a reversal of the Eleventh Circuit's decision in Crawford v. LVNV

---

[1] LVNV filed a motion to dismiss on August 20, 2014 (Doc. 5), which was denied on October 3, 2014. (Doc. 17). On October 15, 2014, LVNV moved to reconsider the October 3 Order, only insofar as it denied LVNV's motion for a stay and not its motion to dismiss. (Doc. 21).

2

Funding, 758 F.3d 1254 (11th Cir. 2014), which it contends was wrongly decided; and (2) that a putative class action suit filed in the Southern District of Alabama was filed first and that proceedings here should be stayed pending resolution of that suit. These arguments will be addressed in order. This is an interlocutory order.

**A. A STAY OF PROCEEDINGS ON THE CHANCE THAT CONTROLLING AUTHORITY MIGHT CHANGE IN THE FUTURE IS A POOR POLICY IN GENERAL AND INADVISABLE IN THIS CASE**

On July 10, 2014, the United States Court of Appeals for the Eleventh Circuit handed down a decision in Crawford v. LVNV Funding, LLC, 758 F.3d 1254, holding that LVNV's act of filing a time barred claim in Bankruptcy Court is a violation of the Fair Debt Collection Practices Act. (15 U.S.C. § 1692e). The Court will refer to claims such as those brought by Feggins here, as "Crawford claims." In Crawford, LVNV filed a petition for rehearing en banc with the Eleventh Circuit, which has been denied. LVNV's counsel has announced that LVNV intends to petition the United States Supreme Court for a writ of certiorari. LVNV contends that Crawford was wrongly decided and that once the Supreme Court sets things rights, actions such as these should be promptly dismissed. This Court is unwilling to stay these proceedings based on the supposition that LVNV might file a petition for writ of certiorari, the Supreme Court might grant certiorari and LVNV might ultimately win on the merits. To be sure, all of those contingencies are possible, but this does not supply good cause to stay proceedings.

Approximately 10,000 petitions for certiorari are filed every year with the United States Supreme Court. Approximately eighty of those are granted. If we assume for the sake of

discussion that half of these are reversals and the other half affirmances, one may readily see that the overall probability that LVNV will ultimately prevail is small. If every litigant who could identify a potentially dispositive issue on appeal to the Supreme Court could obtain a stay, the business of the trial courts would grind to a halt. In the judgment of this Court, the fact that LVNV may file a petition for certiorari is not a sufficient basis to stay of proceedings in these Adversary Proceedings.

### B. LVNV'S ATTEMPT TO INVOKE THE "FIRST FILED" RULE FAILS AS AN UNCERTIFIED CLASS ACTION SUIT DOES NOT PROVIDE THE NECESSARY IDENTITY OF PARTIES

On a separate track, a nationwide class action suit alleging "Crawford claims," has been filed in the United States District Court for the Southern District of Alabama. Brock v. Resurgent Capital Services, LP., Case No. 14-CV-324. The District Court has not yet determined whether it will certify a class in that case. On August 20, 2014, LVNV filed a motion to dismiss this Adversary Proceeding on the grounds that the Brock civil action in the Southern District is the "first filed." (Doc. 5).

"The first-filed rule provides that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case." Collegiate Licensing Co. v. Am. Casualty Co., 713 F.3d 71, 78 (11th Cir. 2013). The problem with LVNV's invocation of the first-filed rule is that Feggins is not a party to the suit in the Southern District. While Brock is a putative class action suit, the putative class members are not

4

parties unless and until a class is certified. Rule 23, Fed. R. Civ. P. Because Feggins is not a party in Brock, the "first filed" rule does not apply here.

LVNV cites Rule 23(c)(2)(B), Fed. R. Civ. P., in support of its motion. (Doc. 5, p. 5). That rule provides that"[f]or any class certified under Rule 23(b)(3) . . ." Therefore, by its own terms, that Rule does not yet apply in Brock as a class has not been certified. None of the cases cited by LVNV support the proposition that an uncertified class action civil action operates to enjoin all potential class members from bringing suit on their own.

LVNV ignores this problem, arguing instead that because a putative class member in an uncertified class action suit may not "opt out" it follows that they are in. LVNV's argument is logically flawed. Just as one may not get off the bus until one has first gotten on, one may not opt out of a class until it is first certified. LVNV cites a number of cases, none of which support its position here. First it cites Kleiner v. First Nat. Bank of Atlanta, 751 F.2d 1193, 1202-03 (11th Cir. 1985) (Doc. 5, p. 6). Yet, Kleiner has nothing to do with the "first filed" rule and does not in any way support LVNV's position here. Rather, the pages cited by LVNV in Kleiner deal with the authority of a Federal Court to ban "opt-out" solicitations under Rule 23–which does not remotely deal with the question here. Another case cited by LVNV is Lee-Bolton v. Koppers, Inc., 848 F.Supp.2d 1342, 1350 (N.D. Fla. 2011). (Doc. 5, p. 6). The page cited deals with the question of whether attempts to opt-out of class prior to certification are valid. At issue in Lee-Bolton was the method of counting putative class members for purposes of determining whether it should be certified as a class. Again, the cited case does not support the proposition for which LVNV cites it here. A third case cited by LVNV is U.S. West, Inc., v. Business Discount Plan, Inc., 196 F.R.D. 576, 586 (D. Co. 2000). (Doc. 5, p. 4). To begin, U.S. West is inapplicable here

5

as it does not deal with the "first filed" rule. Moreover, a class was certified in U.S. West. The page cited by LVNV in its memorandum deals with what the court in U.S. West calls "one-way intervention." The evil of "one-way intervention" is not a problem here. In "one-way intervention," class members were able to hold back and see if they would prevail in the class action suit. If so, they could claim the benefits of the victory; on the other hand, if the class members lost, they would not be bound. As explained by the court in U.S. West, the 1966 amendments to Rule 23(c)(2) were designed to prevent that evil. Id. To the contrary, the Plaintiff in this case is moving forward, not wanting to wait for the outcome of the class action suit. The cases cited by LVNV do not support the proposition that a class action suit, which has not been certified, somehow operates to enjoin or stay the individual claims of potential class members.

    It strikes this Court that LVNV is taking inconsistent positions. In Brock, LVNV argues that a class should not be certified.[2] On the other hand, in this Adversary Proceeding, LVNV takes the position that Brock was first filed and that it would be inappropriate for this Court to proceed, at its work would duplicate what the Southern District is doing in Brock. LVNV ignores the fact that this is true, if and only if, a class is certified in Brock. It therefore assumes for purposes of its motion here that a class will be certified, yet in Brock it is actively opposing class certification. LVNV cannot have it both ways. As it is opposing class certification in Brock, it cannot properly take a position premised on the assumption that a class will be certified in Brock. LNVN is arguing to the District Court in Brock that a class should not be

---

[2] In its answer filed August 22, 2014, in Brock, LVNV specifically denied that the action was appropriate as a class. Case No. 14-CV-324, in the United States District Court for the Southern District of Alabama. (Doc. 16, Para. 20).

certified–meaning that each putative class member should bring his own suit–while arguing here Feggins' remedy is in Brock. Such machinations are disingenuous.

LVNV neatly overlooks the point that "[t]he first-filed rule not only determines which court may decide the merits of substantially similar cases, but also generally establishes which court may decide whether the second filed suit must be dismissed, stayed, or transferred and consolidated." Collegiate Licensing, 713 F.3d at 78. If LVNV is of the view that the first-filed rule should be invoked to stay proceedings here, it should do so in the first-filed case, i.e. Brock. No doubt LVNV does not want to do that as it would undercut its argument that a class should not be certified in Brock.

LVNV argues that Feggins has failed to cite any authority for the proposition that this Adversary Proceeding should go forward. (Doc. 21, p. 3). This argument is flawed in that Feggins is not the moving party and for that reason does not have the burden to show LVNV's motion should not be granted. Rather, LVNV has moved for a stay and therefore it has the burden to show why its motion should be granted. LVNV has failed to carry its burden and its attempt to shift the burden to Feggins is without merit.

### III. CONCLUSION

Where a class is not certified, the first-filed rule does not operate to stay a subsequently filed civil action by an individual who is not a named party in the earlier filed civil action. In addition, this Adversary Proceeding will not be stayed for the reason that LVNV has filed a

petition for certiorari in the Supreme Court in the <u>Crawford</u> case. For these reasons, Defendant LVNV's motion to reconsider is DENIED.

Done this 16th day of December, 2014.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Nicholas H. Wooten, Attorney for Defendant
   Neal D. Moore III, Attorney for Defendant