# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                                        Case No. 13-11319-WRS
                                                             Chapter 13

WILLIAM HENRY FEGGINS,

        Debtor

WILLIAM HENRY FEGGINS,

        Plaintiff                                    Adv. Pro. No. 14-1049-WRS

    v.

LVNV FUNDING LLC and
RESURGENT CAPITAL
SERVICES L.P.,

        Defendants

## <u>MEMORANDUM DECISION</u>

These consolidated cases are before the Court on the Defendants' Motion for Judgment

on the Pleadings.[1]  (Doc. 39).  The motion is now fully briefed.  (Docs. 50, 51).  For the reasons

set forth below, the Defendants' Motion for Judgment on the Pleadings is DENIED.[2]

---

[1] By this Court's Order of October 3, 2014, the following adversary proceedings were consolidated (Doc. 18): (1) AP No. 14-1049 William Henry Feggins; (2) 14-1060 Ray C. Balcom; (3) 14-1061 Robert R. Bryant; (4) 14-1062 Donnie L. Chandler; (5) 14-1063 Cynthia Gamble Grant; (6) 14-1064 Robert W. Henson; and (7) 14-1065 Krista R. Oliver.  On June 19, 2015, Oliver and Bryant moved to voluntarily dismiss their cases.  (Doc. 49).  This Court will grant that motion by way of a separate document.  This leaves five adversary proceedings for disposition.

[2] The Court announced its decision denying Defendants' motion for judgment on the pleadings on July 23, 2015. Trial was held August 10, 2015.  The Court did not consider evidence or arguments offered at trial in ruling upon this motion.

# I. FACTS.

As this is before the Court on the Defendants' Motion for Judgment on the Pleadings, the Court will accept as true the facts pled in the Complaint.[3]

William Feggins ("Feggins") filed a petition in bankruptcy pursuant to Chapter 13 of the Bankruptcy Code on July 24, 2013. (Doc. 1, ¶ 14). On December 12, 2013, Defendant Resurgent Capital Services, L.P. filed Proof of Claim 17 on behalf of Defendant LVNV Funding, LLC (collectively "Defendants") in the amount of $2,026.66. (Doc. 1, ¶¶ 15-18). Feggins alleges that this claim is barred by the statute of limitations.[4] In addition, Feggins claims that the filing of a time-barred proof of claim in bankruptcy court is a violation of the Fair Debt Collection Practices Act ("FDCPA"). Therefore, Feggins not only seeks disallowance of Claim 17 under the Bankruptcy Code but also damages and attorney's fees under the FDCPA.[5]

---

[3] While there are five separate adversary proceedings, unless specified otherwise, the Court will refer here to the complaint filed by Feggins. The facts and issues are sufficiently similar that the Court's reasoning, as applied to Feggins, will apply equally well to the remaining adversary proceedings.

[4] The Court assumes, for purposes of this motion only, that Alabama's 6-year statute of limitations applies. Feggins had alleged in his complaint that Claim 18, also filed by the Defendants, was barred by Alabama's 3-year statute of limitations. (Doc. 1). When the Defendants asserted in their motion for judgment on the pleadings that the 6-year limitation applied, Feggins consented to judgment as to Claim 18. (Doc. 50, p. 17). This has no effect on the other claims filed by the Defendants, which are clearly beyond the 6-year statute of limitations.

[5] Only Feggins seeks disallowance of the Defendants' proof of claim in the context of this adversary proceeding. *See* FED. R. BANKR. P. 3007(b). The remaining Plaintiffs separately objected to the Defendants' proofs of claim on the basis that they were time-barred, and the Court has sustained those objections. *See* 11 U.S.C. § 502(b)(1). Therefore, the remaining Plaintiffs only assert FDCPA claims against the Defendants.

2

## II. JURISDICTION.

This Court has jurisdiction to hear these proceedings pursuant to 28 U.S.C. § 1334(b). An objection to a proof of claim is a core proceeding. 28 U.S.C. § 157(b)(2)(B). Determination of whether the Defendants are entitled to judgment on Feggins's FDCPA claim is a non-core proceeding, but the denial of a motion for judgment on the pleadings is not a final order. *See* Continental Nat'l Bank of Miami v. Sanchez (In re Toledo), 170 F.3d 1340, 1348 (11th Cir. 1999); Wood v. Wood (In re Wood), 825 F.2d 90, 97 (5th Cir. 1987); 28 U.S.C. § 157(c)(1).

## III. MOTION FOR JUDGMENT ON THE PLEADINGS STANDARD.

These consolidated adversary proceedings are before the Court on the Defendants' motion for judgment on the pleadings. *See* FED. R. CIV. P. 12(c), as made applicable to these proceedings by FED. R. BANKR. P. 7012(b). The standard to be applied here is the same as if this were a motion to dismiss made pursuant to Rule 12(b)(6). Robert v. Abbett, Case No. 3:08-CV-329-WKW, 2009 WL 902488, *3 (M.D. Ala. Mar. 31, 2009). That standard is as follows:

> A pleading must contain a short and plain statement of the claim showing that the pleader is entitle to relief. . . . The pleading standard Rule 8 announces does not require detailed factual allegations but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . A pleading that offers labels and conclusions or a formulaic recitation of the element of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

3

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its fact. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Ashcroft v. Iqbal, 556 U.S. 662, 677-79, 129 S. Ct. 1937, 1949-50 (2009) (internal citations omitted); *see also* Critten v. Quantum3 Group, LLC, 528 B.R. 835, 837 (Bankr. M.D. Ala. 2015).

### IV. THE BANKRUPTCY CODE DOES NOT PRECLUDE THE FDCPA.

The Defendants' central argument in the instant motion is that the Bankruptcy Code precludes the Fair Debt Collection Practices Act. The Eleventh Circuit recently held that the filing of a proof of claim on a stale debt in bankruptcy proceedings is a violation of the FDCPA. Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1261 (11th Cir. 2014), *cert. denied sub nom.* LVNV Funding, LLC v. Crawford, 135 S. Ct. 1844 (Apr. 20, 2015). However, the court expressly declined to weigh in on whether the Bankruptcy Code displaces the FDCPA when debt collectors "misbehave in bankruptcy."[6] Id. at 1262 n.7. If the Bankruptcy Code precludes the FDCPA, the filing of a proof of claim on a time-barred debt in a bankruptcy case could not implicate the FDCPA because the exclusive remedy would be under the Bankruptcy Code. This argument is rejected for two reasons: first, there is a strong federal policy against repeal by implication because, whenever possible, federal statutes are to be read in harmony, and second, there is no irreconcilable conflict between the Bankruptcy Code and the FDCPA.

---

[6] The Defendants do not dispute that they are "debt collectors" within the meaning of the FDCPA. *See* 15 U.S.C. § 1692a(6).

4

**A. Repeal by implication is not favored**.

Before addressing the specifics of the Defendants' repeal argument, the Court notes that there is nothing in the language of either the FDCPA or the Bankruptcy Code that states that a debtor may not be provided a remedy under the FDCPA when the collection activity complained of takes place in a bankruptcy proceeding. In other words, there is no express conflict here and the Defendants make no claim that there is. Rather, the Defendants assert that there is an inherent conflict – the weakest of statutory preclusion arguments.

The Defendants argue that the Bankruptcy Code repeals the FDCPA by implication, failing to recognize that such a practice is highly disfavored and only rarely done. "Because a repeal by implication requires the most speculation about the intent of Congress, there is a presumption against finding one." Miccosukee Tribe of Indians of Fla. v. U.S. Army Corps of Engineers, 619 F.3d 1289, 1299 (11th Cir. 2010). "The courts are not at liberty to pick and choose among congressional enactments, and when two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective. 'When there are two acts upon the same subject, the rule is to give effect to both if possible. . . . The intention of the legislature to repeal "must be clear and manifest."'" Morton v. Mancari, 417 U.S. 535, 551, 94 S. Ct. 2474, 2483 (1974) (quoting United States v. Borden Co., 308 U.S. 188, 198, 60 S. Ct. 182, 188 (1939)); *see also* Rodriguez v. United States, 480 U.S. 522, 524, 107 S. Ct. 1391, 1392 (1987).

5

While neither the Supreme Court nor the Eleventh Circuit has ruled upon the question posed here, other circuits have split on the question of whether the Bankruptcy Code precludes the FDCPA. The Second and the Ninth Circuits have broadly ruled that it does. <u>Simmons v. Roundup Funding, LLC</u>, 622 F.3d 93, 96 (2nd Cir. 2010) (holding that the Bankruptcy Code provides exclusive remedies for inflated proofs of claim, dismissing an FDCPA claim); <u>Walls v. Wells Fargo Bank, N.A.</u>, 276 F.3d 502, 510 (9th Cir. 2002) (holding that § 524(a) of the Bankruptcy Code provided the exclusive remedy for violation of the discharge injunction, dismissing an FDCPA claim). The Third and the Seventh Circuits have ruled to the contrary, finding that the FDCPA and the Bankruptcy Code may peacefully co-exist, allowing FDCPA claims in cases involving debtors that were in bankruptcy. <u>Simon v. FIA Card Services, N.A.</u>, 732 F.3d 259, 271 (3d Cir. 2013) (holding that debt collectors' communication with debtors in bankruptcy violated the FDCPA and that an FDCPA remedy was not precluded by the Bankruptcy Code); <u>Randolph v. IMBS, Inc.</u>, 368 F.3d 726, 732 (7th Cir. 2004) (holding that the Bankruptcy Code does not work an implied repeal of the FDCPA in action involving demand letters sent in violation of the automatic stay).

The Seventh Circuit in <u>Randolph</u> reversed the district court's holding that § 362(h) of the Bankruptcy Code "preempts" § 1692e(2)(A) of the FDCPA.[7] "When two federal statutes address the same subject in different ways, the right question is whether one implicitly repeals the other – and repeal by implication is a rare bird indeed." <u>Randolph</u>, 368 F.3d at 730. The court noted that the two statutes "overlap." <u>Id.</u> "It is easy to enforce both statutes, and any debt collector can

---

[7] Section 362(h) was recodified as 11 U.S.C. § 362(k) in the 2005 BAPCPA amendments.

6

comply with both simultaneously." Id. In the case at bar, the Defendants can easily comply with both statutes simultaneously. "The Bankruptcy Code of 1986 does not work an implied repeal of the FDCPA, any more than the latter Act implicitly repeals itself." Id. at 732.

The implicit repeal of one federal statute by another is exceedingly rare. "The conclusion that two statutes conflict . . . is one that courts must not reach lightly. If any interpretation permits both statutes to stand, the court must adopt that interpretation, 'absent a clearly expressed congressional intention to the contrary.'" Miccosukee Tribe, 619 F.3d at 1299 (quoting Garfield v. NDC Health Corp., 466 F.3d 1255, 1266 (11th Cir. 2006)). "Courts must first 'assiduously attempt' to try to construe the two statutes in harmony before concluding that one impliedly repeals the other." Id. (citing Tug Allie-B, Inc. v. United States, 273 F.3d 936, 952 (11th Cir. 2001) (Black, J., concurring)).

## B. Section 501 of the Bankruptcy Code does not irreconcilably conflict with the FDCPA.

The Defendants argue that § 501 of the Bankruptcy Code provides an absolute right to file a proof of claim, thereby precluding provisions of the FDCPA that impose liability for the filing of a time-barred claim. (Doc. 39 pp. 9-16; Doc. 51 pp. 4-10). The flaw in the Defendants' argument is that this right to file a proof of claim under § 501 does not shelter them from liability if it is later determined that the filing violates another provision of the law. For example, sanctions may be imposed under Bankruptcy Rule 9011 if a filed proof of claim is found to be frivolous. Matter of Sekema, 523 B.R. 651, 654-55 (Bankr. N.D. Ind. 2015). Likewise, the filing of a proof of claim may in some situations violate the discharge injunction of a prior

7

bankruptcy case. <u>McLean v. Green Point Credit, LLC (In re McLean)</u>, ___ F.3d ___, 2015 WL

4480920, *6 (11th Cir. Jul. 23, 2015) ("the Bankruptcy Code's reliance on proofs of claim to

facilitate distribution of the bankruptcy estate does not amount to implicit approval of the filing

of a proof of claim that challenges the finality of a discharge order"); <u>Maddox v. Capital One,</u>

<u>N.A. (In re Maddox)</u>, 530 B.R. 889, 892 (Bankr. M.D. Ala. 2015). It follows that liability may

also be imposed under the FDCPA if the filing violates that law. The granting of a right to

creditors to file a proof of claim is not a grant of immunity if the claim is not well-founded.

Examination of the claims allowance process under the Bankruptcy Code will reveal that it does

not conflict with the FDCPA, irreconcilably or otherwise.

### 1. Processing claims under the Bankruptcy Code and Federal Rules of Bankruptcy Procedure.

The claims allowance process begins with § 501(a), which provides that "[a] creditor or

an indenture trustee may file a proof of claim." Section 502(a) provides, in part, that "[a] claim

or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a

party in interest . . . objects." So far this is straightforward enough. Three simple principles

emerge: (1) a creditor may file a proof of claim, (2) other parties in interest may object, and (3) if

no objection is made, the claim is "deemed allowed."

There is additional information that must be filed with the proof of claim when the debtor

is an individual or when the claim is based on an open-end or revolving consumer credit

agreement. Specifically, a proof of claim must include an itemization of any interest, fees,

expenses, or charges incurred pre-petition when the debtor is an individual. FED. R. BANKR. P.

8

3001(c)(2)(A).  When the claim is based on an open-end or revolving consumer credit agreement

that is not secured by the debtor's real property, the proof of claim must include:

> (i) the name of the entity from whom the creditor purchased the
> account;
> (ii) the name of the entity to whom the debt was owed at the time
> of an account holder's last transaction;
> (iii) the date of an account holder's last transaction;
> (iv) the date of the last payment on the account; and
> (v) the date on which the account was charged to profit or loss.

FED. R. BANKR. P. 3001(c)(3)(A).  Thus, a creditor whose claim falls within the purview of

Bankruptcy Rule 3001(c)(3) should be aware of whether its claim is time-barred.

The claims allowance process continues.  Section 502(b) provides, in part, that:

> if such objection to a claim is made, the court, after notice and a
> hearing, shall determine the amount of such claim . . . as of the date
> of the filing of the petition, and shall allow such claim in such
> amount, except to the extent that–
>
> (1) such claim is unenforceable against the debtor and property
> of the debtor, under any agreement or applicable law for a reason
> other than because such claim is contingent or unmatured[.]

11 U.S.C. § 502(b)(1).

It is well established that a claim that is barred by statute of limitations under applicable

law will be disallowed under § 502(b)(1).[8]  Thus, while a creditor has a right to file a proof of

---

[8]  *E.g.*, In re Mazyck, 521 B.R. 726, 729-31 (Bankr. D.S.C. 2014) (disallowing claim finding that it was barred by the South Carolina statute of limitations); In re Lewis, 517 B.R. 615, 620-22 (Bankr. E.D. Va. 2014) (disallowing claim finding it barred by the Virginia statute of limitations); In re Kittrell, No. 11-80985, 2012 WL 369170, *4 (Bankr. M.D.N.C. Feb. 3, 2012) (disallowing claim filed by the Government, finding that it was barred by a federal statute of limitations); In re Hess, 404 B.R. 747, 749-51 (Bankr. S.D.N.Y. 2009) (disallowing claims finding they were barred by a New York statute of limitations); In re Simpson, No. 08-137, 2008 WL 4216317, *2 (Bankr. N.D. Ala. Aug. 29, 2008) (noting that court had previously disallowed claim after finding that it was barred by the statute of limitations); In re McGregor, 398 B.R. 561,

9

claim under § 501, such a claim is not well-founded when its allowance is obviously and solely

dependent on the oversight of the debtor and bankruptcy court. A facially time-barred proof of

claim is not well-founded. It follows that a creditor's only possible purpose in filing a facially

time-barred proof of claim is to take advantage of the automatic claims allowance process of §

502(a) and hope that the debtor and the bankruptcy court do not notice the defect. Such conduct

is an abuse of the claims allowance process and an affront to the integrity of the bankruptcy

court.[9] As the Eighth Circuit recently noted:

> The typical federal court disposes of hundreds of cases each year –
> a bankruptcy court disposes of thousands. It is not uncommon to
> see dozens of attorneys in a bankruptcy courtroom, presenting
> arguments and objections on a long list of cases, with rulings
> issuing at pace that makes a cattle auction appear leisurely. A
> bankruptcy court does not have the time district courts devote to a
> motion, to examine each petition, proof of claim, and objection;
> the bankruptcy judge must rely on counsel to act in good faith. The
> potential for mischief to be caused by an attorney who is willing to
> skirt ethical obligations and procedural rules is enormous.

---

563-64 (Bankr. N.D. Miss. 2008) (disallowing claim finding that it was barred by the statute of limitations); In re Brill, 318 B.R. 49, 53-54 (Bankr. S.D.N.Y. 2004) (disallowing claim barred by the New York statute of limitations); *cf.* In re Alexander, 2014 WL 5449653, *7 (Bankr. E.D. Tenn. Oct. 22, 2014) (awarding attorney's fees for time spent objecting to stale claims).

[9] In equipoise with such creditor conduct is the unscrupulous debtor who frivolously objects to every claim. This Court has a negative notice rule, LBR 3007-1, that provides for objections to claims to be sustained automatically after 30 days if they are not responded to. Several of the Plaintiffs' objections to the Defendants' claims were (properly) sustained in this way. *Supra* note 5. In many respects, a debtor who attempts to abuse this rule mirrors the Defendants' conduct, and may not do so with impunity. *See* FED. R. BANKR. P. 9011(b); Smyth v. City of Oakland (In re Brooks-Hamilton), 271 Fed. Appx. 654 (9th Cir. 2008) (noting that bankruptcy court has power to impose Rule 9011 sanction for frivolous objection to proof of claim); In re Davis, 2011 WL 10483434 (Bankr. E.D. Tex. Sept. 30, 2011) (imposing Rule 9011 sanctions for frivolous objections to valid credit card proofs of claim), *aff'd sub nom.* In re Armstrong, 487 B.R. 764 (E.D. Tex. 2012).

10

Young v. Young (In re Young), 789 F.3d 872, 879 (8th Cir. 2015) (quoting In re Armstrong, 487 B.R. 764, 774 (E.D. Tex. 2012)).  Section 501 is not an invitation to abuse the claims allowance process in bankruptcy.  To construe it as the Defendants propose would injure debtors, other creditors, and the bankruptcy court.  Rather than conflict with § 501, the FDCPA supplements the procedural protections of the claims allowance process and helps promote the purposes of the Bankruptcy Code.


## 2.  Applicable provisions from the FDCPA.

The Eleventh Circuit held in Crawford that the filing of a proof of claim in a bankruptcy proceeding is a "collection of debt" as that term is used in 15 U.S.C. § 1692a(6).  Crawford, 758 F.3d at 1261.  Moreover, it held that the filing of a proof of claim on a time-barred debt is "false, deceptive, or misleading" in violation of § 1692e, and "unfair or unconscionable" in violation of § 1692f.  Id.  Therefore, these provisions will be examined.

Congress enacted the FDCPA amidst the backdrop of "abusive, deceptive, and unfair debt collection practices" that "contribute[d] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. § 1692(a).  The FDCPA's purposes are "to eliminate abusive debt collection practices by debt collectors, to insure [sic] that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).

11

In furtherance of these purposes, the FDCPA prohibits "[t]he false representation of . . . the character, amount, or legal status of any debt[,]" 15 U.S.C. § 1692e(2)(A), as well as "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). In the context of the Bankruptcy Code's automatic claims allowance process, the filing of a proof of claim amounts to an assertion that the underlying claim is enforceable and that the claimant is entitled to be paid out of the bankruptcy estate – at the expense of other creditors. As discussed above, however, a time-barred claim is unenforceable within the meaning of the Bankruptcy Code, so a debt collector who knowingly files such a claim in bankruptcy is falsely asserting that it is entitled to be paid.

Likewise, the FDCPA prohibits the "use [of] unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. A debt collector who files a proof of claim on a debt it knows to be unenforceable unfairly games the system by taking advantage of the automatic claims allowance process in bankruptcy and camouflaging among the inundation of other claims filed. *See* Young, 789 F.3d at 879; Armstrong, 487 B.R. at 774. It is wrongfully asserting that it should be paid at the expense of creditors who hold enforceable claims and is basing that assertion on the opportunity to slip past the bankruptcy court's supervision unnoticed.

### 3. Reconciling the FDCPA with the Bankruptcy Code.

Bankruptcy is not a free-for-all that invites creditors to gorge themselves on the debtor's assets without regard to the merit or enforceability of their claims. Rather, bankruptcy is

intended to offer an insolvent debtor a fresh start while equitably dividing the debtor's assets among creditors who hold meritorious and enforceable claims. *See* 11 U.S.C. § 502(b)(1). A creditor's lot in bankruptcy is famine, not feast, because the debtor's insolvency usually means that there will not be enough assets to make all of the creditors whole. A creditor who obtains payment via an undeserving proof of claim exacerbates this problem and undermines one of bankruptcy's key purposes by parasitically diluting the already meager shares of deserving creditors still further. *See* Avalos v. LVNV Funding, LLC (In re Avalos), 531 B.R. 748, 757 (Bankr. N.D. Ill. 2015) (noting that "there is no good reason to allow proofs of claim for stale debt").

  The Bankruptcy Code and Rules provide remedy for such conduct. As discussed above, the bankruptcy court may disallow an unenforceable proof of claim under § 502(b)(1). In addition, Bankruptcy Rule 9011 authorizes the bankruptcy court to impose sanctions on creditors who file proofs of claim "for any improper purpose" or who make claims or legal contentions that are not "warranted by existing law[.]" FED. R. BANKR. P. 9011(b)(1)-(2); *see also* Sekema, 523 B.R. at 653; In re Dansereau, 274 B.R. 686, 690 (Bankr. W.D. Tex. 2002) (imposing sanctions under either 11 U.S.C. § 105(a) or Rule 9011 for baseless priority-status proofs of claim), *aff'd sub nom.* Cash-N-Advance v. Dansereau, 64 Fed. Appx. 417 (5th Cir. 2003) (per curiam); In re McAllister, 123 B.R. 393, 397 (Bankr. D. Or. 1991) (imposing Rule 9011 sanctions against state revenue department for filing proof of claim on taxes not owed); Hamilton v. United States (In re Hamilton), 104 B.R. 525, 527 (Bankr. M.D. Ga. 1989) (imposing Rule 9011 sanctions on the IRS for filing a proof of claim on taxes not owed). The court in Sekema, for example, imposed sanctions under Bankruptcy Rule 9011 on these same

13

Defendants for engaging in the same conduct at issue here: the filing of proofs of claim on time-barred debt. Sekema, 523 B.R. at 654-55; *see also* Avalos, 531 B.R. at 757 (noting that obviously stale proofs of claim violate Rule 9011). Notably, the Sekema court relied on the FDCPA's statutory damage provision as a guide for fashioning its sanction. Sekema, 523 B.R. at 655; *see also* 15 U.S.C. 1692k(a)(2)(A) (authorizing a statutory award of up to $1,000 in addition to actual damages).

If Bankruptcy Rule 9011 authorizes sanctions for the filing of stale proofs of claim, it follows that § 501(a) does not provide creditors an absolute right to file a proof of claim with impunity if it violates another rule or statute. Thus qualified, § 501(a) does not conflict with the Crawford court's application of the FDCPA. Instead, the FDCPA promotes the purposes of bankruptcy by providing an additional remedy for the abuse of the bankruptcy process by debt collectors. It protects debtors, creditors, and bankruptcy courts by helping to maintain the integrity of the automatic claims allowance process.

"When two statutes complement each other, it would show disregard for the congressional design to hold that Congress nonetheless intended one federal statute to preclude the operation of the other one." POM Wonderful LLC v. Coca-Cola Co., 134 S. Ct. 2228, 2238 (2014). As the foregoing discussion illustrates, the FDCPA complements the Bankruptcy Code both in purpose and in practice. There is no implicit repeal of the FDCPA in the claims allowance process; thus, there is no preclusion of FDCPA claims based on the filing of facially time-barred proofs of claim.

## C. Survey of on-point case law.


In holding that the Bankruptcy Code does not preclude the FDCPA, the Court

acknowledges that it stands in opposition to a considerable body of contrary case law. The

Defendants correctly point out that Crawford marked a radical change in the way courts

considered the FDCPA's relationship with bankruptcy. At the time Crawford was decided, there

were only four cases the Court is aware of that had held that a wrongfully filed proof of claim can

form the basis of a FDCPA claim and that the Bankruptcy Code did not preclude the FDCPA;

two of those cases had been reversed on appeal.[10]  Since Crawford was decided, however, several

cases have followed its holding and have also held that there is no preclusion.[11]

---

[10]  Smith v. Asset Acceptance, LLC, 510 B.R. 225 (S.D. Ind. 2013); Kline v. Mortg.
Elecs. Security Systems, 659 F. Supp. 2d 940 (S.D. Ohio 2009); Chaussee v. B-Real, LLC (In re
Chaussee), 398 B.R. 916 (Bankr. W.D. Wash. 2008), *rev'd sub nom.* B-Real, LLC v. Chaussee,
399 B.R. 225 (9th Cir. BAP 2008); Rogers v. B-Real, LLC (In re Rogers), 391 B.R. 317 (Bankr.
M.D. La. 2008), *rev'd sub nom.* B-Real, LLC v. Rogers, 405 B.R. 428 (M.D. La. 2008); *see also*
Price v. America's Servicing Co. (In re Price), 403 B.R. 775, 790 n.14 (Bankr. E.D. Ark. 2009)
(dicta).

[11]  Taylor v. Galaxy Asset Purchasing, LLC, 2015 WL 3645668 (N.D. Ill. Jun. 11, 2015);
Reed v. LVNV Funding, LLC, 2015 WL 1510375 (N.D. Ill. Mar. 27, 2015); Grandidier v.
Quantum3 Group, LLC, 2014 WL 6908482 (S.D. Ind. Dec. 8, 2014); Patrick v. Pyod, LLC, 39 F.
Supp. 3d 1032 (S.D. Ind. 2014); Avalos v. LVNV Funding, LLC (In re Avalos), 531 B.R. 748
(Bankr. N.D. Ill. 2015); Brimmage v. Quantum3 Group LLC (In re Brimmage), 523 B.R. 134
(Bankr. N.D. Ill. 2015); Trevino v. HSBC Mortg. Servs., Inc. (In re Trevino), 2015 WL 4628785
(Bankr. S.D. Tex. Jul. 31, 2015) (proof of claim supplement); Patrick v. Quantum3 Group, LLC,
2015 WL 627216 (S.D. Ind. Feb. 13, 2015) (report and recommendation).

It is worth noting that the cases in opposition are split on their reasoning. The majority of

cases in opposition simply hold that a wrongfully filed proof of claim does not violate the

FDCPA or cannot form the basis of a FDCPA claim.[12] The Court is not at liberty to side with

[12] Simmons v. Roundup Funding, LLC, 622 F.3d 93 (2d Cir. 2010) (no FDCPA liability for inflated proof of claim); Birtchman v. LVNV Funding, LLC, 2015 WL 1825970 (S.D. Ind. Apr. 22, 2015) (no FDCPA liability for inflated proof of claim), *appeal docketed*, No. 15-2109 (7th Cir. May 21, 2015); Owens v. LVNV Funding, LLC, 2015 WL 1826005 (S.D. Ind. Apr. 21, 2015) (no FDCPA liability for stale proof of claim), *appeal docketed*, No. 15-2044 (7th Cir. May 13, 2015); Donaldson v. LVNV Funding, LLC, 2015 WL 1539607 (S.D. Ind. Apr. 7, 2015) (no FDCPA liability for inflated proof of claim); Torres v. Asset Acceptance, LLC, 2015 WL 1529297 (E.D. Pa. Apr. 7, 2015) (no FDCPA liability for stale proof of claim), *appeal docketed*, No. 15-2132 (3d Cir. May 13, 2015); Robinson v. eCast Settlement Corp., 2015 WL 494626 (N.D. Ill. Feb. 3, 2015) (no FDCPA liability for stale proof of claim); Covert v. LVNV Funding, LLC, 2013 WL 6490318 (D. Md. Dec. 3, 2013) (filing proof of claim is not an attempt to collect debt under FDCPA), *aff'd on other grounds*, 779 F.3d 242; Crawford v. LVNV Funding, LLC, 2013 WL 1947616 (M.D. Ala. May 9, 2013) (no FDCPA liability for stale proof of claim), *rev'd*, 758 F.3d 1254 (11th Cir. 2014); Gatewood v. CP Medical, LLC (In re Gatewood), 2015 WL 4496051 (8th Cir. BAP Jul. 10, 2015) (no FDCPA liability for stale proof of claim); Perkins v. LVNV Funding, LLC (In re Perkins), 533 B.R. 242 (Bankr. W.D. Mich. 2015) (FDCPA not precluded by Bankruptcy Code, but no FDCPA liability for stale proof of claim); Broadrick v. LVNV Funding, LLC (In re Broadrick), 532 B.R. 60 (Bankr. M.D. Tenn. 2015) (FDCPA not precluded by Bankruptcy Code, but no FDCPA liability for stale proof of claim if information is accurate and applicable statute of limitations extinguishes only the remedy and not the right to collect debt); Murff v. LVNV Funding, LLC (In re Murff), 2015 WL 3690994 (Bankr. N.D. Ill. Jun. 15, 2015) (no FDCPA violation for stale proof of claim); Marcinowski v. Ecast Settlement Corp. (In re Marcinowski), 2015 WL 3524977 (Bankr. N.D. Ill. Jun. 3, 2015) (no Bankruptcy Code preclusion of FDCPA, but no FDCPA liability for stale proof of claim) (adopting LaGrone); Dunaway v. LVNV Funding, LLC (In re Dunaway), 531 B.R. 267 (Bankr. W.D. Mo. 2015) (no FDCPA liability for stale proof of claim, dicta supporting Chaussee on preclusion issue), *appeal docketed*, No. 15-8007 (8th Cir. Jun. 29, 2015); LaGrone v. LVNV Funding, LLC (In re LaGrone), 525 B.R. 419 (Bankr. N.D. Ill. 2015) (no Bankruptcy Code preclusion of FDCPA, but no FDCPA liability for stale proof of claim); Humes v. LVNV Funding, LLC (In re Humes), 496 B.R. 557 (Bankr. E.D. Ark. 2013) (no FDCPA liability for inflated proof of claim); Claudio v. LVNV Funding, LLC (In re Claudio), 463 B.R. 190 (Bankr. D. Mass. 2012) (no FDCPA liability for stale proof of claim); Carter v. B-Line, LLC (In re Carter), 2012 WL 627769 (Bankr. E.D.N.C. Feb. 24, 2012) (filing proof of claim is not an attempt to collect a debt under the FDCPA); Jenkins v. Genesis Fin. Solutions (In re Jenkins), 456 B.R. 236 (Bankr. E.D.N.C.

16

these cases, however, because <u>Crawford</u> forecloses this argument. *Infra*, Part V. In fact, some of

the cases that disagree with <u>Crawford</u> nevertheless support this Court's holding that there is no

preclusion.[13]

The number of cases holding that the Bankruptcy Code precludes the FDCPA is much

less formidable.[14] When the focus on the opposing cases is limited strictly to those resting their

_____

2011) (no FDCPA liability for stale proof of claim); <u>McMillen v. Syndicated Office Sys., Inc.</u>,
440 B.R. 907 (Bankr. N.D. Ga. 2010) (no FDCPA liability for duplicative proof of claim); <u>Keeler</u>
<u>v. PRA Receivables Mgmt., LLC (In re Keeler)</u>, 440 B.R. 354 (Bankr. E.D. Pa. 2009) (no
FDCPA liability for stale proof of claim); <u>Jacques v. U.S. Bank, N.A. (In re Jacques)</u>, 416 B.R.
63 (Bankr. E.D.N.Y. 2009) (no FDCPA liability for stale proof of claim); <u>Gilliland v. Capital</u>
<u>One Bank (In re Gilliland)</u>, 386 B.R. 622 (Bankr. N.D. Miss. 2008) (no FDCPA liability for
proof of claim on discharged debt); <u>Simpson v. PRA Receivables Mgmt., LLC (In re Simpson)</u>,
2008 WL 4216317 (Bankr. S.D. Ala. Aug. 29, 2008) (no FDCPA liability for stale proof of
claim); <u>Cooper v. Litton Loan Servicing (In re Cooper)</u>, 253 B.R. 286 (Bankr. N.D. Fla. 2000)
(no FDCPA liability for inflated proof of claim, and FDCPA precluded by Bankruptcy Code).


[13] <u>Perkins v. LVNV Funding, LLC (In re Perkins)</u>, 533 B.R. 242 (Bankr. W.D. Mich.
2015) (FDCPA not precluded by Bankruptcy Code, but no FDCPA liability for stale proof of
claim); <u>Broadrick v. LVNV Funding, LLC (In re Broadrick)</u>, 532 B.R. 60 (Bankr. M.D. Tenn.
2015) (FDCPA not precluded by Bankruptcy Code, but no FDCPA liability for stale proof of
claim if information is accurate and applicable statute of limitations extinguishes only the remedy
and not the right to collect debt); <u>Marcinowski v. Ecast Settlement Corp. (In re Marcinowski)</u>,
2015 WL 3524977 (Bankr. N.D. Ill. Jun. 3, 2015) (no Bankruptcy Code preclusion of FDCPA,
but no FDCPA liability for stale proof of claim) (adopting <u>LaGrone</u>); <u>LaGrone v. LVNV</u>
<u>Funding, LLC (In re LaGrone)</u>, 525 B.R. 419 (Bankr. N.D. Ill 2015) (no Bankruptcy Code
preclusion of FDCPA, but no FDCPA liability for stale proof of claim).

[14] *See* <u>Rhodes v. Diamond</u>, 433 Fed. Appx. 78 (3d Cir. 2011); <u>Johnson v. Midland</u>
<u>Funding, LLC</u>, 528 B.R. 462 (S.D. Ala. 2015) (FDCPA claim for stale proof of claim precluded
by Bankruptcy Code), *appeal docketed*, No. 15-11240 (11th Cir. Mar. 24, 2015); <u>B-Real, LLC v.</u>
<u>Rogers</u>, 405 B.R. 428 (M.D. La. 2008) (FDCPA claim for stale proof of claim precluded by
Bankruptcy Code); <u>Middlebrooks v. Interstate Credit Control, Inc.</u>, 391 B.R. 434 (D. Minn.
2008) (FDCPA claim for stale proof of claim precluded by Bankruptcy Code); <u>Gray-Mapp v.</u>
<u>Sherman</u>, 100 F. Supp. 2d 810 (N.D. Ill. 1999) (FDCPA claim for inflated proof of claim
precluded by Bankruptcy Code); <u>Baldwin v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark,</u>
<u>LLC</u>, 1999 WL 284788 (N.D. Ill. Apr. 26, 1999) (FDCPA claim for inflated proof of claim

17

decision on preclusion, the split on the preclusion issue becomes roughly even. *Compare* notes 10, 11, and 13 *with* note 14. Moreover, nearly all the cases in opposition that have been decided since Crawford have rested their holdings on a disagreement with Crawford rather than on a determination that the Bankruptcy Code precludes the FDCPA. The main outlier is Johnson v. Midland Funding, LLC, 528 B.R. 462 (S.D. Ala. 2015), which the Defendants rely on for the entirety of their preclusion argument. Therefore, that case merits closer discussion.

### D. *Johnson v. Midland Funding, LLC.*

The court in Johnson held that there was an irreconcilable conflict between the Bankruptcy Code and a FDCPA suit based on a stale proof of claim. Johnson, 528 B.R. at 473. Consequently, it dismissed the FDCPA claim. Id.

The Johnson court first determined that state law governs the scope of a claim. Id. at 465 (citing Travelers Cas. & Surety Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 450 (2007)).

---

precluded by Bankruptcy Code; first case to address the issue); B-Real, LLC v. Chaussee (In re Chaussee), 399 B.R. 225 (9th Cir. BAP 2008) (FDCPA claim for stale proof of claim precluded by Bankruptcy Code); Pariseau v. Asset Acceptance, LLC (In re Pariseau), 395 B.R. 492 (Bankr. M.D. Fla. 2008) (Bankruptcy Code precludes FDCPA); Williams v. Asset Acceptance, LLC (In re Williams), 392 B.R. 882 (Bankr. M.D. Fla. 2008) (FDCPA claim for stale proof of claim precluded by Bankruptcy Code); Rice-Etherly v. Bank One, N.A. (In re Rice-Etherly), 336 B.R. 308 (Bankr. E.D. Mich. 2006) (FDCPA claim for inflated proof of claim precluded by Bankruptcy Code); Abramson v. Federman & Phelan, LLP (In re Abramson), 313 B.R. 195 (Bankr. W.D. Pa. 2004) (FDCPA claim based on inflated proof of claim precluded by Bankruptcy Code); Cooper v. Litton Loan Servicing (In re Cooper), 253 B.R. 286 (Bankr. N.D. Fla. 2000) (no FDCPA liability for inflated proof of claim, and FDCPA precluded by Bankruptcy Code); *see also* Dunaway v. LVNV Funding, LLC (In re Dunaway), 531 B.R. 267 (Bankr. W.D. Mo. 2015) (no FDCPA liability for stale proof of claim, dicta supporting Chaussee on preclusion issue), *appeal docketed*, No. 15-8007 (8th Cir. Jun. 29, 2015).

18

In Alabama, according to the <u>Johnson</u> court, "a creditor's right to payment is not eliminated by a limitations bar." <u>Id.</u> (citing <u>Ex parte Liberty Nat'l Life Ins. Co.</u>, 825 So. 2d 758, 765 (Ala. 2007) ("[A] statute of limitations generally is procedural and extinguishes the remedy rather than the right. . . .").  Because, under Alabama law, a limitations bar extinguishes merely the remedy and not the right, the <u>Johnson</u> court determined that "[s]o long as the law recognizes and protects the interest at issue . . . , the resulting claim is legally enforceable even if the laws's protection is not limitless in time or scope." <u>Id.</u> at 467.  It thus followed, according to the <u>Johnson</u> court, that § 501 provides an absolute right to file a proof of claim that is barred by the statute of limitations. <u>Id.</u> at 469.

Having determined that the Bankruptcy Code provides a right to file a time-barred proof of claim, the <u>Johnson</u> court concluded it was in irreconcilable conflict with the FDCPA. <u>Id.</u> at 470.  The court rejected the idea that a creditor could comply with the FDCPA by not filing a time-barred proof of claim:

> The ability to "comply" with both statutes, however, is not the proper test when, as here, the case does not concern a comparison of the obligations imposed by one statute with the obligations imposed by another but rather a comparison of the obligations imposed by one statute with the rights conferred by another.  In such a case, to speak of mutual compliance is nonsensical, because one does not "comply" with a right, one exercises it.  The plaintiff is not urging that the defendant "comply" with both the [FDCPA] and the [Bankruptcy] Code, she is insisting that the defendant comply with the [FDCPA] by surrendering its right under the Code to file a proof of claim on a time-barred debt.  This is not the vindication of both statutes, it is the negation of one by the enforcement of the other.  A clearer demonstration of irreconcilable conflict would be difficult to imagine.

<u>Id.</u> at 471.

19

This Court respectfully disagrees with the analysis in <u>Johnson</u> for two reasons.  First, as discussed above, the Court disagrees that § 501(a) provides an absolute right to file a claim. <u>Liberty Nat'l Life Ins. Co.</u>, on which the <u>Johnson</u> court relied, is a case that discusses application of a statute of repose, and the sentence relied on in <u>Johnson</u> is dicta comparing a statute of repose to a statute of limitations.  *See* <u>Liberty Nat'l Life Ins. Co.</u>, 825 So. 2d at 765.  Admittedly, there are procedural differences between limitation and repose, because limitation can be waived or tolled while repose cannot.  However, a creditor barred by limitation has no more right to be paid than one barred by repose, and it has no more right to be paid in bankruptcy than it does in state court.  *See* <u>Travelers</u>, 549 U.S. at 450 (§ 502(b)(1) "is most naturally understood to provide that, with limited exceptions, any defense to a claim that is available outside of the bankruptcy context is also available in bankruptcy"); <u>United States v. Kubrick</u>, 444 U.S. 111, 117 (1979) ("Statutes of limitations . . . represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that 'the right to be free of stale claims in time comes to prevail over the right to prosecute them.'" (quoting <u>R.R. Telegraphers v. Ry. Express Agency</u>, 321 U.S. 342, 349 (1944))).  Yet, the potential for abuse by a creditor is even greater in bankruptcy than in state court because the debtor has the burden not only of objecting to the claim but also of proving the merits of the objection.  *See* FED. R. BANKR. P. 3001(f) (a properly filed proof of claim "shall constitute prima facie evidence of the validity and amount of the claim").

Bankruptcy does not resurrect dead debt.  The legal enforceability of a claim for bankruptcy purposes hinges on how that claim is treated under the Bankruptcy Code.  Section 502(b)(1) is the operative statute, and there is no question that a time-barred claim is

20

unenforceable and will be disallowed under it.  *Supra*, Part IV, B, 1.  Rather than being an

enforceable property interest, as the <u>Johnson</u> court suggests, such a claim more closely resembles

a counterfeit product that is exposed upon closer inspection and rejected.  To say that § 501(a)

allows such claims to be filed with impunity effectively writes Bankruptcy Rule 9011(b) out of

existence.[15]

       Second, even if the <u>Johnson</u> court is correct that § 501(a) authorizes creditors to file time-

barred claims, the Court disagrees with the conclusion in <u>Johnson</u> that an irreconcilable conflict

with the FDCPA arises.  The <u>Johnson</u> court finds conflict in an "authorization" by the

Bankruptcy Code versus a restriction by the FDCPA.  This characterization is certainly proper in

the preemption context where a state restriction conflicts with a federal authorization or "right."

*E.g.*, <u>Barnett Bank of Marion Cnty., N.A. v. Nelson</u>, 517 U.S. 25, 31, 37, 116 S. Ct. 1103, 1108,

1111 (1996) (holding that a federal statute authorizing banks to sell insurance preempted a state

law forbidding it); <u>McCulloch v. Maryland</u>, 17 U.S. 316, 360-62 (1819) (holding that a federal

statute authorizing the operation of a federal bank preempts state taxation of that bank).

However, preclusion is a different inquiry than preemption because a conflict between two

federal statutes does not implicate federalism.  There is no need to maintain the federal

prerogative against a state restriction when there is no state restriction.  The correct inquiry in

---

    [15]  The <u>Johnson</u> court's reasoning also undermines Alabama's carefully considered
procedure by which creditors can (and are encouraged to) preserve their claims by seeking and
recording judgments quickly.  *See* ALA. CODE § 6-9-211 (providing a procedure by which a
judgment certificate is recorded and preserved for 10 years, with an option of renewal for another
10 years).  By purporting to uphold state law, the <u>Johnson</u> analysis actually undermines it by
allowing creditors to sit on their rights and present their claims in bankruptcy after most debtors
no longer have the means or wherewithal to dispute them.

21

determining whether one federal statute precludes another is the ability to comply with both. For example, in POM Wonderful LLC v. Coca-Cola Co., ___ U.S. ___, 134 S. Ct. 2228 (2014), the Supreme Court held that a Lanham Act claim alleging "unfair competition through misleading advertising or labeling" was not precluded by the Food, Drug, and Cosmetic Act even though the latter Act "authorized" the label at issue. POM Wonderful LLC, 134 S. Ct. at 2239. The Supreme Court noted in POM Wonderful that the two Acts "complement each other in major respects, for each has its own scope and purpose." Id. at 2238. The Lanham Act protects commercial interests against unfair competition, while the Food, Drug, and Cosmetic Act protects public health and safety. Id. Thus, it was possible for the defendant in POM Wonderful to comply with the Food, Drug, and Cosmetic Act while at the same time running afoul of the Lanham Act. The purposes of the Bankruptcy Code and the FDCPA are similarly complimentary of each other.

The Supreme Court "has not hesitated to give effect to two statutes that overlap, so long as each reaches distinct cases." J.E.M. Ag Supply, Inc. v. Pioneer Hi-Bred Int'l, Inc., 534 U.S. 124, 144, 122 S. Ct. 593, 605 (2001). When one federal statute authorizes a certain action by a group of people and another federal statute prohibits a small subsection of that group from the same activity, both statutes are given effect. As an illustration, suppose that one federal statute authorizes citizens to carry "projectile weapons in public" and another federal statute prohibits "rapid-fire submachine guns within 100 yards of schools." Can any court rationally conclude that the authorization precludes the restriction? Of course not. The same is true with the relationship between the Bankruptcy Code and the FDCPA. Section 501(a), as interpreted by Johnson, broadly allows any creditor to file any proof of claim without regard to its

22

enforceability. Meanwhile, the FDCPA, as interpreted by <u>Crawford</u>, restricts a small "debt collector" subset of creditors from filing a small subset of proofs of claim that are unenforceable due to being time-barred.

Because the ability to comply with both statutes is the correct inquiry, the Court must reject the analysis set forth in <u>Johnson</u>. The Defendants could easily have complied with the FDCPA by not filing a time-barred claim. They could have complied by obtaining judgment in state court in a timely fashion and recording the judgment. They could even have complied by having the underlying creditor file the time-barred claim itself.[16] *See* <u>Crawford</u>, 758 F.3d at 1258 n.3 (noting that the FDCPA only applies to "debt collectors," not all creditors). In short, the Court rejects the <u>Johnson</u> court's conclusion that the Bankruptcy Code precludes the FDCPA.


## V.  THE ELEVENTH CIRCUIT'S DECISION IN *CRAWFORD* IS BINDING PRECEDENT.


The Defendants argue that <u>Crawford</u> "was not a decision on the merits and thus, there is no binding mandate upon this Court." (Doc. 39 p. 16). The Defendants posit that because <u>Crawford</u> was an appeal involving a ruling on a motion to dismiss, pursuant to Rule 12(b)(6), it is not binding here. That argument was recently rejected in a case handed down by the District Court in the Northern District of Alabama. *See* <u>Slaughter v. LVNV Funding, LLC</u>, No. 14-MC-2050, 2015 WL 627954, *2 (N.D. Ala. Feb. 12, 2015) (citing <u>Neitzke v. Williams</u>, 490 U.S. 319,

---

[16]  That is not to say that the Court would condone such activity. It simply illustrates how narrow the scope of the <u>Crawford</u> court's application of the FDCPA is.

109 S. Ct. 1827 (1989)).  As that court succinctly stated, the procedural posture in <u>Crawford</u> "in no way detracts from the precedential value of the Eleventh Circuit's resolution of the underlying **legal** issues and does not relieve this court from being bound by that analysis."  <u>Id.</u> (emphasis in original).  Moreover, the Defendants' argument ignores the procedural posture here – a motion for judgment on the pleadings, pursuant to Rule 12(c), that is every bit as deferential to a plaintiff's complaint as a motion to dismiss under Rule 12(b)(6).  The Defendants' argument is entirely devoid of merit.[17]

The Defendants also argue that this Court should not apply the "least sophisticated consumer" standard in these cases because the Plaintiffs were all represented by counsel in their bankruptcy cases.  In <u>Miljkovic v. Shafritz & Dinkin, P.A.</u>, the Eleventh Circuit recently questioned whether the "least sophisticated consumer" standard should apply when the debt collection activity is directed to a consumer's attorney.  ___ F.3d ___, 2015 WL 3956570, *12 n.10, *13 n.12 (11th Cir. Jun. 30, 2015).  However, the court did not "traverse that quagmire" because the communication at issue in that case was not deceptive or unfair even to the least sophisticated consumer.[18]  <u>Id.</u> at *12 n.10, *13 n.12.  <u>Crawford</u>, by comparison, is directly on point and the Eleventh Circuit applied the "least sophisticated consumer" standard in that case even though the debtor in that bankruptcy enjoyed the "protection" of his attorney, the Chapter 13 trustee, and the bankruptcy court.  <u>Crawford</u>, 758 F.3d at 1258-59.  In light of <u>Crawford</u>, and

---

[17]  In substance, the Defendants' argument is an improper attack on <u>Crawford</u>: "The *Crawford* opinion is clearly erroneous and would work a manifest injustice."  (Doc. 39, p. 29).

[18]  The Court also notes that <u>Miljkovic</u> is factually distinguishable because the communication in that case merely raised an adverse legal position in state court, whereas the Defendants' proof of claim here is a meretricious factual assertion and request for payment.

24

absent an express contrary mandate from the Eleventh Circuit, this Court will apply the "least sophisticated consumer" standard.

Because <u>Crawford</u> is binding, it forecloses the Defendants' remaining arguments. The Court rejects the Defendants' argument that Feggins's FDCPA "claim fails as a matter of law because the bankruptcy estate is not a consumer or a natural person" as it is contrary to the ruling in <u>Crawford</u>.[19] (Doc. 39, p. 30). The Eleventh Circuit held in <u>Crawford</u> that time-barred proofs of claim are "false, deceptive, or misleading" under § 1692e and are "unfair or unconscionable" under § 1692f. <u>Crawford</u>, F.3d at 1261. Finally, the Eleventh Circuit implicitly rejected in <u>Crawford</u> the Defendants' argument that it is "inequitable" for debtors to file bankruptcy and "invite" creditors to participate in the claims allowance process, only to allege they were deceived by those creditors.[20] (Doc. 39, p. 45). It is not this Court's role to second-guess <u>Crawford</u>.

## VI. THE DEFENDANTS' ARGUMENTS TO THE EFFECT THAT FEGGINS'S COMPLAINT SHOULD BE DISMISSED AS TO CLAIM NO. 18, AND THAT THE CASES OF OLIVER AND BRYANT SHOULD BE DISMISSED, HAVE BECOME MOOT IN LIGHT OF THE PLAINTIFFS' DISMISSAL.

---

[19] The Court also notes that this argument is premised on a partial quotation of 15 U.S.C. § 1692(e), addressing the FDCPA's purpose, that has been taken out of context and given a different meaning. The Court takes a dim view of such tactics.

[20] The Court notes that a debtor must provide notice of his bankruptcy to creditors before he can discharge his debts to them. 11 U.S.C. § 523(a)(3).

9 8/24/15e Defendants argue, in Part VII of their motion for judgment on the pleadings, that they are entitled to dismissal of Feggins's complaint insofar as it relates to Claim No. 18. (Doc. 39, pp. 49-53). Moreover, the Defendants argue, in Part VIII of their memorandum, that the cases of Bryant (AP 14-1061) and Oliver (AP 14-1065) should be dismissed because the underlying bankruptcy cases have been dismissed. (Doc. 39, pp. 52-56). The Plaintiffs have conceded both issues and do not oppose the motion in either of these respects. (Doc. 50, pp. 17-18); *supra* notes 1 and 4.

## VII. CONCLUSION.

Section 501 of the Bankruptcy Code does not provide an absolute right to file frivolous or groundless proofs of claim without consequence. Because there is no inherent conflict between § 501 and the FDCPA, the Bankruptcy Code does not preclude a cause of action under the FDCPA that is based on a stale proof of claim. Therefore, the Defendants' motion for judgment on the pleadings must be denied.

Done this 24th day of August, 2015.

United States Bankruptcy Judge

c: Nicholas H. Wooten, Attorney for Plaintiff

Neal D. Moore III, Attorney for Defendants

27